IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOIS HARRIS, individually and behalf of all similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>FANEUIL, INC.,<br><br>Defendant. | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Lois Harris ("Plaintiff") brings this collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), on behalf of all current or former non-exempt employees employed by Defendant Faneuil, Inc. ("Defendant") as Call Center Agents, including Customer Service Representatives and similarly-situated persons, during the statutory period who earned nondiscretionary bonuses for periods in which they worked overtime hours but who Defendant did not pay overtime at a rate of one-and-one-half times their regular rate. As a regular and routine practice, Defendant violated the FLSA by failing to include nondiscretionary bonuses in the regular rate of pay when calculating the overtime rate for Plaintiff and other similarly-situated persons. As a consequence, Defendant

1

failed to pay Plaintiff and other similarly-situated persons overtime wages at one-and-one-half their regular rate for all time worked in excess of 40 hours per week. Plaintiff shows the Court as follows:

## NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1. This is a collective action for unpaid overtime wages under the FLSA. Plaintiff brings the action on behalf of herself and other current and former Call Center Agents, including Customer Service Representatives and other similarly-situated persons, employed by Defendant within the statutory period, who Defendant failed to pay overtime wages at a rate of one-and-one-half times their regular rate of pay due to Defendant's failure to include nondiscretionary bonuses within the regular rate when calculating overtime. This group of persons is the "FLSA Collective."

2. Plaintiff alleges that Defendant applied policies and practices to Plaintiff and her fellow FLSA Collective members pursuant to which Defendant: (a) excluded nondiscretionary performance bonuses in calculating their regular rates, (b) encouraged and/or knowingly permitted them to work more than 40 hours per week, and (c) intentionally failed to pay them one-and-one-half their regular rate for time they worked in excess of 40 hours per week.

3. Plaintiff and other similarly-situated persons who choose to opt into this action pursuant to 29 U.S.C. § 216(b) (the "Collective Action") are entitled to recover: (a) unpaid overtime wages, (b) liquidated damages, (c) interest, and (d) their attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

5. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(3), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

## PARTIES

6. Plaintiff is a citizen of the United States of America and a resident of the State of Georgia; she submits herself to the jurisdiction of this Court.

7. Defendant Faneuil, Inc. is a Delaware for-profit corporation that is licensed to do business in Georgia and regularly does business in the Northern District of Georgia, where it employs Plaintiff.

8. Defendant Faneuil, Inc. may be served with process through its registered agent, Corporation Service Company, at 2 Sun Court, Suite, 400, Peachtree Corners, Georgia 30092.

9. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 207.

10. At all relevant times, Defendant has employed and continues to employ employees, including Plaintiff, who engage or engaged in interstate commerce.

11. Defendant was the employer of Plaintiff and the other FLSA Collective members under the FLSA at all times relevant to this Complaint.

12. At all relevant times, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.

13. Defendant is governed by and subject to 29 U.S.C. § 207.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings this action on behalf of herself and all other similarly-situated employees pursuant to 29 U.S.C. § 216(b).

15. Plaintiff and similarly-situated individuals:

   a. were employed by Defendant as non-exempt Call Center Agents, including Customer Service Representatives, between within the three (3) years preceding the filing of this Collective Action Complaint and the present;

      b.    earned nondiscretionary bonuses during weeks in which they worked more than 40 hours; and

      c.    did not receive overtime premium pay at one-and-one-half their regularly hourly rate, as required by the FLSA, for weeks in which they worked more than 40 hours and earned nondiscretionary bonuses.

This group of persons is the "FLSA Collective."

16. Plaintiff and members of the FLSA Collective were paid by the hour. Plaintiff and members of the FLSA Collective did not and do not meet the criteria for any recognized exemption to the FLSA's overtime requirements.

17. The FLSA Collective is so numerous that individual joinder of all members is impracticable and would not further the intent of 29 U.S.C. § 216(b). The precise number of persons within the FLSA Collective is unknown, and the information permitting a determination of the number of FLSA Collective members lies within the sole possession of Defendant. However, there are, upon information and belief, hundreds of members of the FLSA Collective, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

18.     Plaintiff will fairly and adequately protect the interests of the members of the FLSA Collective and has retained counsel experienced and competent in wage and hour law and collective-action litigation.

19.     Questions of law and fact common to the members of the FLSA Collective predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members of the FLSA Collective.

20.     Members of the FLSA Collective are similarly situated under the FLSA because, *inter alia*:

   a. Defendant applied a policy and practice common to the FLSA Collective by failing to include nondiscretionary bonuses in calculating their regular rate of pay for purposes of calculating overtime;

   b. FLSA Collective members worked more than 40 hours per week during one or more weeks within the relevant time period in which they earned nondiscretionary bonuses; and

   c. Defendant failed to pay FLSA Collective members overtime compensation at a rate of one-and-one-half times their regular

rate of pay for weeks in which they worked more than 40 hours and earned nondiscretionary bonuses.

## STATEMENT OF FACTS

21. Defendant provides business-processing outsourcing solutions to other organizations, including remote customer care and technical support.

22. Plaintiff has been employed by Defendant as a Call Center Agent since on or about January 6, 2020. Plaintiff's duties include answering customer calls on behalf of Defendant's clients, making payments, processing payment arrangements, turning services on and off, and working with "quality coaches" to take calls.

23. At all relevant times, Plaintiff was paid an hourly wage. Her most recent hourly wage is $14.00.

24. Defendant's Call Center Agents and/or Customer Service Representatives (collectively "Call Center Agents"), including Plaintiff, are non-exempt employees for the purposes of the FLSA.

25. On information and belief, beginning in approximately 2018, Defendant implemented a "Tiering Incentive Program" (the "First Tiering Incentive Program") for Call Center Agents according to which policy and practice Call Center Agents were eligible for nondiscretionary, performance-based bonuses each month.

26. Defendant implemented and distributed the First Tiering Incentive Program to Plaintiff and other Call Center Agents to incentivize productivity.

27. The First Tiering Incentive Program promised, in advance, future compensation if objectives were met.

28. Beginning on or about January 1, 2021, Defendant implemented a new Tiering Incentive Program (the "Second Tiering Incentive Program"), according to which Call Center Agents, including Plaintiff, were placed into three "Tiers" at the end of each month depending on their performance, which determined the amount of any nondiscretionary bonus that they would receive.

29. Defendant implemented and distributed the Second Tiering Incentive Program to Plaintiff and other Call Center Agents to incentivize productivity.

30. The Second Tiering Incentive Program promised, in advance, future compensation if objectives were met.

31. Under the Second Tiering Incentive Program, Plaintiff's and other Call Center Agents' eligibility for a monthly, nondiscretionary bonus was determined using four "Key Performance Indicators:" Schedule Adherence, Quality Assurance, Attendance, and CSAT ("Customer Satisfaction") Surveys.

32. The Key Performance Indicators were nondiscretionary performance metrics.

33. Under the Second Tiering Incentive Plain, Call Center Agents who received point totals between:

    a. 375 to 400 were classified as Tier 1;

    b. 300 to 374 were classified as Tier 2; and

    c. 0 to 299 were classified as Tier 3.

34. A Call Center Agent classified as "Tier 1" received a bonus equivalent to $1.50 multiplied by the number of hours that Call Center Agent had worked that month; a Call Center Agent classified as "Tier 2" received a bonus equivalent to $1.00 multiplied by the number of hours that Call Center Agent had worked that month; and a Call Center Agent classified as "Tier 3" was ineligible for a nondiscretionary bonus.

35. The amount of the nondiscretionary bonuses was accordingly dictated by a predetermined formula.

36. As a systemic practice throughout the statutory period, Defendant failed to include awarded nondiscretionary bonuses when calculating the regular rate of pay when determining the proper overtime rate for Call Center Agents, including Plaintiff, for all hours worked in excess of forty (40) hours per week in weeks in which the nondiscretionary bonuses were earned. The consequence of this practice was that Defendant failed to pay Call Center Agents, including Plaintiff, an overtime

rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per week.

37. Defendant did not pay Plaintiff overtime wages at a rate of one-and-one-half her regular rate for all time that she worked in excess of 40 hours per week because it failed to include nondiscretionary bonuses when calculating the regular rate of pay for weeks in which she worked over 40 hours and earned nondiscretionary bonuses.

38. Defendant did not pay other Call Center Agents that it employed during the statutory period at a rate of one-and-one-half their regular rate for all time worked in excess of 40 hours per week because it failed to include nondiscretionary bonuses when calculating the regular rate of pay for purposes of calculating overtime pay with respect to weeks in which they worked over 40 hours and earned nondiscretionary bonuses.

39. Defendant was, or should have been, aware that the FLSA requires it to pay non-exempt employees overtime at one-and-one-half their regular rate for all hours worked in excess of 40 per workweek.

40. Defendant was, or should have been aware, that the FLSA required it to include nondiscretionary bonuses within the regular rate when calculating overtime.

41. Defendant's failure to pay Plaintiff and other members of the FLSA Collective one-and-one-half their regular rates of pay for all time worked in excess of 40 per week was pursuant to a policy and practice Defendant knowingly and intentionally applied to Plaintiff and members of the FLSA Collective.

42. Defendant's FLSA violations described herein were willful and not in good faith.

## COUNT I
### (Individual FLSA Claim Asserted by Plaintiff)
### Willful Failure Pay Overtime in Violation of the FLSA

43. Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if fully restated here.

44. At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

45. At all relevant times, Defendant has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

46. At all relevant times, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.

47. At all relevant times, Defendant had two or more "employees engaged in commerce," as defined by 29 U.S.C. § 203(s)(1)(A).

48. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

49. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff.

50. Plaintiff was not exempt from the FLSA under any recognized exemption at any time relevant to this Complaint.

51. The FLSA requires that employers, such as Defendant, compensate non-exempt employees such as Plaintiff at an overtime rate of one-and-one-half their regular rate for all hours worked in excess of 40 per week.

52. Plaintiff worked for Defendant in excess of 40 hours per week.

53. Plaintiff earned nondiscretionary bonuses in weeks that she worked more than 40 hours.

54. As a regular and routine practice, Defendant failed to include nondiscretionary bonuses in the regular rate of pay when calculating Plaintiff's overtime rate for weeks in which she worked more than 40 hours and earned

nondiscretionary bonuses. As a consequence, Defendant failed to pay Plaintiff overtime wages at one-and-one-half her regular rate for all time worked in excess of 40 hours per week.

55. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

56. Defendant did not make a good-faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

57. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant (a) her unpaid overtime wages, (b) an additional and equal amount as liquidated damages, (c) interest, and (d) reasonable attorneys' fees and costs of litigation.

**COUNT TWO**
**(Collective FLSA Claim)**
**<u>Willful Failure to Pay Overtime Wages in Violation of the FLSA</u>**

58. Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Collective Action Complaint.

59. Plaintiff seeks to represent the following collective group of non-exempt employees who Defendant failed to pay all overtime wages due:

> All current and former Call Center Agents, including Customer Service Representatives and similarly situated persons, employed by Defendant during the statutory period who Defendant failed to pay overtime wages at a rate of one-and-one-half times their regular rate of pay for overtime

hours worked during weeks in which they earned nondiscretionary bonuses. This is the "FLSA Collective."

60. At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

61. At all relevant times, Defendant has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

62. At all relevant times, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.

63. At all relevant times, Defendant had two or more "employees engaged in commerce," as defined by 29 U.S.C. § 203(s)(1)(A).

64. At all relevant times, Defendant was an "employer" of Plaintiff and other members of the FLSA Collective within the meaning of the FLSA.

65. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and the FLSA Collective.

66. Plaintiff and members of the FLSA Collective were not exempt from the FLSA under any recognized exemption at any time relevant to this Complaint.

67. The FLSA requires that employers, such as Defendant, compensate non-exempt employees such as Plaintiff and members of the FLSA Collective at an overtime rate of one-and-one-half their regular rate for all hours worked in excess of 40 per week.

68. As a regular and routine practice, Defendant violated the FLSA by failing to include nondiscretionary bonuses in the regular rate of pay when calculating overtime with respect to weeks in which Plaintiff and members of the FLSA Collective worked over 40 hours and earned nondiscretionary bonuses. As a consequence, Defendant failed to pay Plaintiff and members of the FLSA Collective overtime wages at one-and-one-half their regular rate for all time worked in excess of 40 hours per week.

69. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

70. Defendant did not make a good-faith effort to comply with the FLSA with respect to its compensation of Plaintiff and members of the FLSA Collective.

71. Defendant is liable to Plaintiff and members of the FLSA Collective for (a) unpaid overtime wages; (b) an additional and equal amount of liquidated

damages for Defendant's violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all members of the Collective who join this action demand a **TRIAL BY JURY** and the following relief:

a. Designation of this action as a collective action and prompt issuance of notice, pursuant to 29 U.S.C. § 216(b), to all FLSA Collective members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. Application of the FLSA's three-year statute of limitations;

d. An award of unpaid overtime compensation due under the FLSA;

e. An award of liquidated damages;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and

h.      Such other and further relief as this Court deems just and proper.

Respectfully submitted, this 18th day of April 2021.

                                                */s/ Justin M. Scott*
                                                Justin M. Scott
                                                Georgia Bar No. 557463
                                                Michael David Forrest
                                                Georgia Bar No. 974300
                                                Scott Employment Law, P.C.
                                                160 Clairemont Avenue, Suite 610
                                                Decatur, Georgia 30030
                                                Telephone: 678.780.4880
                                                Facsimile: 478.575.2590
                                                jscott@scottemploymentlaw.com
                                                mforrest@scottemploymentlaw.com

                                                Counsel for Plaintiff